UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| VICTORIA GORING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00607-JRO-MKK |
| | ) | |
| CODY STRAIN, | ) | |
| TOWN OF FARMERSBURG, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT IN PART FOR FAILURE TO STATE A CLAIM, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on *pro se* Plaintiff Victoria Goring's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. [2]. Plaintiff filed a six-count Complaint alleging various civil rights violations under both federal and state law against Defendants Cody Strain and the Town of Farmersburg. Dkt. 1. For the reasons below, the Plaintiff's Motion to Proceed *in Forma Pauperis*, dkt. [2], is **GRANTED.** Because the Court grants that Motion, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Some claims are **DISMISSED** while others shall proceed.

## I. *IN FORMA PAUPERIS* STATUS

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Here, Plaintiff's motion, dkt. [2], meets this standard and is **GRANTED**.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice

of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that she has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, she must set forth a "short and plain statement" of facts in her complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

**III. THE COMPLAINT**

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). Plaintiff's lawsuit is premised on alleged civil rights violations, and she sets forth six counts. Count I, Defamation (Libel); Count II, False Imprisonment; Count III, Intentional Infliction of Emotional Distress; Count IV, Vandalism / Property Damage; Count V, Civil Rights / Retaliation; and Count VI, Criminal Defamation under Indiana State law. Dkt. 1 at 5.

Plaintiff alleges that on or around February 14, 2025, Defendant Cody Strain, Chief of Police of the Town of Farmersburg, published a Facebook post that served as a "Wanted Poster" identifying Plaintiff by name and by photo, stating she was wanted for shoplifting. *Id.* at 2. Plaintiff maintains that she never committed the alleged theft and that the accusation is false. The Facebook post was publicly disseminated and despite Plaintiff's requests, Strain refuses to take it down. The post continues to subject Plaintiff to harassment, verbal abuse, and adverse treatment from employers and others. *Id.* at 3.

In addition to the alleged defamatory post, Strain contacted Plaintiff and threatened to cause property damage. Strain detained Plaintiff from February 14 to February 18 without probable cause, without justification, and without lawful bail or adequate process for a $50 theft charge. *Id.* at 3, 5. Plaintiff claims that Strain's motivation for detaining her was retaliatory because of her prior federal tort claims against him. While detaining her, Strain allegedly damaged Plaintiff's RV. *Id.* at 5. Plaintiff alleges that she suffered substantial emotional distress, reputational damage, economic loss, humiliation, and fear as a result of Strain's conduct. *Id.* at 3. She seeks damages and punitive damages. *Id.* at 6.

**IV. DISCUSSION**

Despite naming the Town of Farmersburg as a Defendant, Plaintiff has not made any factual allegations or claims against it. To find a municipality (rather than a natural person) liable for a Section 1983 claim, the plaintiff must prove that the constitutional harm was caused by an official policy, a decision by a final decision maker, or a government custom or practice. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

The Court has reviewed Plaintiff's complaint. It does not contain any allegation that the Town of Farmersburg failed to train officers or had any custom or widespread practice that violated the law. Nor does the complaint point out any facts that suggest a policymaker caused the unconstitutional actions. Because her complaint lacks any specific allegations against the Town of

Farmersburg, the Court cannot reasonably infer Farmersburg is liable to her for any misconduct. *Iqbal*, 556 U.S. at 678. Accordingly, Defendant the Town of Farmersburg is **DISMISSED without prejudice**.

As to the claims against Strain, which the Court understands to be in his official capacity and personal capacity, some claims are dismissed while others shall proceed. Count VI is a claim that is premised on an Indiana criminal statute of defamation and is **DISMISSED without prejudice**. Generally speaking, civil actions cannot be premised on state criminal laws. Under Indiana law, "no private right of action [is implied] where the General Assembly has provided independent enforcement" such as criminal penalties. *Doe #1 v. Indiana Dep't of Child Servs.*, 81 N.E.3d 199, 204 (Ind. 2017) ("When a statute expressly provides one enforcement mechanism, courts may not engraft another."). The Seventh Circuit also explains, "Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action." *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) (citing *Karahalios v. Nat'l Fed'n of Fed. Emps.*, 489 U.S. 527, 533 (1989)). Here, Count VI relies on criminal law and thus is not a claim for which Plaintiff can seek relief in a civil case such as this one.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.** Dkt. [2]. All claims against Defendant Town of Farmersburg are **DISMISSED without prejudice**. Count VI is **DISMISSED with**

**prejudice**. All other claims shall proceed, specifically Count I, state law defamation; Count II, state law false imprisonment and false arrest. The Court also understands count II to be a claim for unreasonable seizure pursuant to the Fourth Amendment, which shall proceed; Count III, Intentional Infliction of Emotional Distress; Count IV, state law trespass to chattel; and Count V, First Amendment retaliation.

The **clerk is directed,** pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue process to Cody Strain. Process shall consist of a summons, a copy of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/5/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

VICTORIA GORING
517 W. Main St.
Farmersburg, IN 47850

Cody Strain
307 West Hopewell Street
Farmersburg, IN 47850